Filed 7/24/15  P. v. Starks CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> CEDRIC DEMOND STARKS, <br><br>     Defendant and Appellant. | B258991 <br><br> (Los Angeles County <br> Super. Ct. No. BA423078) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Drew E. Edwards, Judge.  Affirmed.

Cedric D. Starks, in pro. per.; Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 31, 2014, appellant Cedric Starks entered the apartment of Alice Hargrave, the mother of his children. Hargrave phoned police, reporting that a physical struggle had occurred between herself and appellant and that he had hit her several times, bruising her. During the altercation, appellant obtained a gun he had kept hidden within the apartment. Hargrave gained control of the gun and reported it was fired when they "tussled with it." Appellant exited the apartment during the 9-1-1 call and remained outside until police arrived and arrested him. Officer McGreggor entered the apartment, where he retrieved the gun from Hargrave. He noticed no injuries on the victim, and she stated she did not need an ambulance.

While in custody, appellant volunteered to one of the arresting officers that he had purchased the gun from a drug connection a year prior to the incident. He also admitted he had tried to restrain Hargrave during the incident.

Appellant was charged with one count of unlawfully possessing a firearm (Pen. Code, § 29800, subd. (a)(1)) and one count of battery against a parent of his child (Pen. Code, § 243, subd. (e)(1)), and the information alleged he had suffered two prior felony convictions within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subd. (d), 1170.12, subd. (b)). Appellant had been crime free for seven years prior to this incident.

At trial, both arresting officers testified, as well as the 9-1-1 dispatcher who had answered Hargrave's call, and the court admitted a CD recording and transcript of the 9-1-1 call. The CD was played during the dispatcher's testimony.

A jury convicted appellant of battery and unlawful possession of a firearm. He was sentenced to four years and four months in prison, comprising the middle term of two years on count 1, doubled, plus one-third the midterm of 12 months on count 2, consecutive. The court assessed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $30 criminal conviction assessment on each count, totaling $60 (Gov. Code, § 70373), and a $40 court operations assessment for each conviction, totaling $80. (Pen. Code, § 1465.8, subd. (a)(1).) Appellant was also conditionally subjected to a $300 fine if he is

placed on parole and violates parole. (Pen. Code, § 1202.45, subd. (a).) He was given 328 days custody credit.

Appellant filed a timely appeal. We appointed counsel to represent him on appeal, and after examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On April 17, 2015, we advised appellant he had 30 days within which to personally submit any contentions or issues he wished us to consider. He filed a supplemental letter brief in which he contends (1) his Sixth Amendment right to confront his accuser was violated, (2) the 9-1-1 call was inadmissible hearsay, and (3) his attorney provided ineffective assistance.

## DISCUSSION

### A. Sixth Amendment Violation

Appellant argues his Sixth Amendment rights were violated in that he was prevented from confronting his accuser. He argues Hargrave, as his accuser, should have been required to testify in court.

The Confrontation Clause of the Sixth Amendment provides that "[in] all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" Appellant's argument is without merit because Hargrave was not his accuser, and her personal testimony was not required to prove his criminal conduct. The arresting officers testified to recovering the gun that appellant admitted to possessing, as well as to statements in which he admitted his physical contact with the victim. This testimony from the arresting officers regarding appellant's admissions was sufficient to convict. (See, e.g., *Davis v. Washington* (2006) 547 U.S. 813 [testimony of two police officers, as the state's only witnesses, in addition to a 9-1-1 recording as evidence, sufficed in convicting defendant].)

### B. Hearsay

In arguing that Hargrave's absence violated his Sixth Amendment right to confront his accuser, appellant also effectively disputes the admissibility of (1) the recording and (2) transcript of her 9-1-1 call.

3

Generally, a statement of a witness who does not appear at trial is inadmissible as testimonial hearsay unless the witness was unavailable to testify and the defendant had had a prior opportunity for cross-examination. (*Crawford v. Washington* (2004) 541 U.S. 36, 53-54.) However, a statement elicited for the primary purpose of enabling police assistance to meet an ongoing emergency, such as a 9-1-1 call reporting domestic violence, is nontestimonial and thus admissible at trial. (*Davis v. Washington*, *supra*, 547 U.S. at p. 828.)

1. CD Recording

Pursuant to Evidence Code section 1240, "[e]vidence of a statement is not made inadmissible by the hearsay rule if the statement: [¶] (a) Purports to narrate, describe, or explain an act, condition, or event perceived by the declarant; and [¶] (b) Was made spontaneously while the declarant was under the stress of excitement caused by such perception." Additionally, pursuant to Evidence Code section 1241, "[e]vidence of a statement is not made inadmissible by the hearsay rule if the statement: [¶] (a) Is offered to explain, qualify, or make understandable conduct of the declarant; and [¶] (b) Was made while the declarant was engaged in such conduct."

Here, the 9-1-1 recording admitted at trial related Hargrave's report of ongoing domestic abuse, the presence of a gun, a shot fired from that gun, and a description of the appellant by which he could be identified when police arrived. The recording reflected that Hargrave's statements elicited by the dispatcher were for the purpose of assistance in an ongoing emergency. The victim can be heard saying "he just put his hands on me. My Kid's father, he's over here beatin' on me . . . . He just put his hands on me, and he just whooped my ass." The call was ended as soon as police arrived, and no statements made during it were elicited for the purpose of criminal prosecution. The recording was thus nontestimonial hearsay, which is admissible.

2. Transcript

Pursuant to Evidence Code section 1271, "[e]vidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if: [¶] (a) The writing was made in the

4

regular course of a business; [¶] (b) The writing was made at or near the time of the act, condition, or event; [¶] (c) The custodian or other qualified witness testifies to its identity and the mode of its preparation; and [¶] (d) The sources of information and method and time of preparation were such as to indicate its trustworthiness." "'[A] business' includes every kind of business, governmental activity, profession, occupation, calling, or operation of institutions, whether carried on for profit or not." (Evid. Code, § 1270.)

Here, the 9-1-1 transcript set forth the language of the recording made as a regular practice of the Los Angeles Police Department Communications Division. The dispatcher who answered Hargrave's call testified at trial as to the practice of recording all incoming calls and identified herself as the operator speaking with the victim. She thus verified the trustworthiness of the evidence.

## C. Ineffective Assistance

Appellant contends his counsel provided ineffective assistance by (1) failing to investigate and (2) operating below the standard of practice.

A claim that counsel was ineffective requires a showing by a preponderance of the evidence of objectively unreasonable performance by counsel and a reasonable probability that but for counsel's errors, the defendant would have obtained a more favorable result. (*In re Jones* (1996) 13 Cal.4th 552, 561.) The defendant must overcome presumptions that counsel was effective and that the challenged action might be considered sound trial strategy. (*Ibid*.) To prevail on an ineffective assistance claim on appeal, the record must affirmatively disclose the lack of a rational tactical purpose for the challenged act or omission. (*People v. Majors* (1998) 18 Cal.4th 385, 403.) "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland v. Washington* (1984) 466 U.S. 668, 697; accord, *In re Fields* (1990) 51 Cal.3d 1063, 1079.)

5

Appellant contends his attorney provided ineffective assistance by failing to test his clothing for gunshot residue in order to show he never fired the gun. But appellant was convicted of unlawfully possessing a firearm, not for firing it; whether his clothing contained gunshot residue would be irrelevant.

Appellant also contends his attorney provided ineffective assistance by failing to test the gun for his fingerprints. Again, the issue is that appellant was a convicted felon in possession of a firearm, and he adduces no evidence to refute that he possessed the firearm. As he offers no suggestion as to how an investigation into either the fingerprints or gunshot residue would have assisted him, his argument of ineffective assistance must be rejected.

Appellant offers no other suggestion as to how his attorney operated below the standard of practice.

## CONCLUSION

We have examined the entire record and are satisfied that appellant's counsel has fully complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106, 109-110 and *People v. Wende*, *supra*, 25 Cal.3d at page 441. No arguable issues exist.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:



ROTHSCHILD, P. J.



JOHNSON, J.


6